IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00640-ZLW

LOUIS D. JARAMILLO,

    Plaintiff,

v.

TERRY LEE,
ANDREW TERRAZAS,
SUSAN KELLER,
JOHN TAPIA, and
ANGEL BLEA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Louis Jaramillo, a State of Colorado prisoner, filed a *pro se* Letter on February 8, 2008. In the Letter, Plaintiff asks that the Court reinstate the instant action due to the importance of the subject matter and his desire to pursue the claims raised in the Complaint as soon as possible. The Court must construe the Letter liberally because Mr. Jaramillo is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Letter will be construed as a Motion to Reconsider. For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243.

The Court dismissed the instant action on June 12, 2007. Mr. Jaramillo's Motion to Reconsider has been filed well over ten days after the Court's Judgment. Therefore, the Motion will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Jaramillo failed either to pay an initial partial filing fee of $33.00 or to show cause why he has no assets and no means by which to pay the initial fee within the time allowed. Plaintiff was warned that if he failed either to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why he has no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

Mr. Jaramillo, in the Motion to Reconsider, simply states that the subject matter of the instant action is important, and he desires to pursue the claims raised in this action as soon as possible. Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Jaramillo fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The instant action was dismissed without prejudice. Plaintiff is able to pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Letter filed on February 8, 2008, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. Rule 60(b). It is

FURTHER ORDERED that the Motion to Reconsider is denied.

DATED at Denver, Colorado, this 14 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00640-ZLW

Louis D. Jaramillo
Prisoner No. 47078
CTCF - CH 7
PO Box 1010
Cañon City, CO 81215- 1010

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/16/08

            GREGORY C. LANGHAM, CLERK

            By: _Angie_
               Deputy Clerk